## THE SEA WITCH.[1]

### TEBO v. THE SEA WITCH.

*(District Court, S. D. New York.   March 22, 1888.)*

SHIPPING—DOMESTIC LIENS—REPAIRS—AUTHORITY OF OWNER OR AGENT—STATE STATUTES.

The yacht Sea Witch was owned by one W., who had authorized B. to procure her sale. B. in turn employed a yacht broker, and negotiations were had for a sale to one F. About July 1st B.'s authority was revoked by W., who, on the 2d of July, made an informal written instrument of sale to claimant. B. and the broker, however, continued their negotiations with F., and about the 8th of July came to a verbal agreement with him for a sale, after which the broker, at F.'s request, ordered libelant to do caulking on the yacht. The verbal agreement between F. and the broker was never ratified by the owner, and the work on the vessel was stopped by claimant. Specifications were filed to secure the lien, and this libel filed to enforce it. *Held,* that the repairs were made without the authority of the owner or agent. or any one authorized to charge them; no lien was therefore created on the vessel, and the libel should be dismissed.

[1] Reported by Edw. G. Benedict, Esq., of the New York bar.

In Admiralty.
*Wilcox, Adams & Macklin*, for libelant.
*Goodrich, Deady & Goodrich*, for claimant.

BROWN, J. Between July 6 and 12, 1887, the libelant performed certain labor on the domestic yacht Sea Witch, in hauling her out, cleaning her bottom, and doing some caulking, amounting to $193.59. Specifications were duly filed to secure a lien under the state law, and this libel was filed to enforce it. The defense is that the repairs were made without the authority of the owner, and not, as required by the statute, upon any contract of the "master, owner, charterer, builder, or consignee, or by the agent of either of them." The evidence shows that the yacht was owned by one Wathen. She had been lying for a long time unused in a basin at Twenty-fifth street, Brooklyn. Wathen had authorized one Bond, as agent, to procure a sale of the yacht, who had employed a Mr. Hubbe, a yacht broker, for that purpose. Negotiations were had with one Freeman, and, while these negotiations were pending, Bond, at Freeman's request, authorized the yacht to be hauled out for examination. The evidence indicates that Bond's authority was revoked at least by the 1st of July. On July 2d the owner made an informal written instrument of sale to the claimant. Bond and Hubbe, however, continued their negotiations with Freeman, and on the 8th came to a verbal understanding with him for a purchase; and either then, or soon afterwards, Hubbe, at Freeman's request, ordered the caulking to be done. A few days afterwards Freeman told Bond he was making repairs amounting to about $200, and Bond said that no doubt the trade would go through, and it would be all right. The next day the claimant appeared at the basin, and drove off the men engaged by or for Freeman, upon the yacht; and his verbal bargain with Bond was never ratified by the owner. Upon these facts I cannot find that the repairs, or the caulking, were contracted for either by the owner or the agent of the yacht, or by any one authorized to charge them. The case is different from that of *The John Farron*, 14 Blatchf. 24. In that case full possession and apparent ownership had been conferred upon the person who had contracted the debt. Here there was no such possession transferred; no act of the owner tending to mislead the libelants; no apparent right of possession was given to Freeman or to Hubbe, and there was no authority or semblance of authority from the owner to Hubbe to order any repairs. Notwithstanding, therefore, the inequity of the claimant's obtaining the benefit of the caulking without paying for it, I do not see any legal ground on which I can aid the libelant in the recovery of his debt.

As respects the charge for hauling out, the evidence shows that that was ordered by the agent of Wathen while he was owner, and before Bond's authority was canceled. For that item in the bill amounting to $25, I think the libelant is entitled to recover, with interest and costs. The rest I am constrained to disallow.